UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OMEGA HOSPITAL, LLC**            **CIVIL ACTION**

**VERSUS**            **No. 15-561**

**UNITED HEALTHCARE INSURANCE**            **SECTION I**
**COMPANY ET AL.**

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff, Omega Hospital, L.L.C. ("Omega"), to remand the above-captioned matter to the First Parish Court for the Parish of Jefferson, State of Louisiana. Plaintiff also requests attorney's fees and costs. Defendant, United HealthCare Insurance Company ("United"), opposes the motion.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

According to Omega's petition, Omega is a medical provider in Jefferson Parish which provided care to a patient who was insured by United.[3] Omega alleges that it contacted United prior to rendering treatment "to verify not only that the patient had health insurance, but that the specific care to be rendered . . . was covered by the insurance plan in question, and to obtain verification of the patient's benefits for such procedures."[4] Omega alleges that United "pre-certified the treatments to be rendered and represented that benefits would be calculated based upon the 'reasonable and customary' charge," subject to certain deductibles and copayments.[5]

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 8.
[3] R. Doc. No. 1-1, at 3, ¶¶ II-III.
[4] R. Doc. No. 1-1, at 3, ¶ IV.
[5] R. Doc. No. 1-1, at 4, ¶ V.

Omega contends that after it treated the patient, it submitted a claim to United for its "reasonable and customary charges for its services" in the amount of $77,527.93, but that United paid only 25% of that amount.[6]

On January 8, 2015, Omega filed the petition in this matter in the First Parish Court for the Parish of Jefferson, alleging that it "is suing as an independent third-party medical provider for state law negligent misrepresentation, breach of contract and/or detrimental reliance, and is not suing via any assignment of the patient's rights to benefits."[7] On the final page of the petition, Omega included a paragraph stating that it "will ask for sanctions, including costs and expenses (including attorney fees) . . . for improper removal to federal court based on federal question jurisdiction," and cited several opinions by this Court allegedly "granting remands of suits containing identical fact scenarios."[8]

Nonetheless, on February 20, 2015, United removed this case on the basis of federal question jurisdiction.[9] In its notice of removal, United asserts that "ERISA preempts the state law claims contained in Plaintiff's Petition"[10] because, according to United, Omega's claims "require[] interpretation of the plan documents as to what constitutes a 'reasonable and customary' charge."[11] Omega subsequently filed a motion to remand due to lack of subject matter jurisdiction, asserting that ERISA does not preempt its state-law claims.[12]

---

[6] R. Doc. No. 1-1, at 4, ¶ VI.
[7] R. Doc. No. 1-1, at 5, ¶ XI.
[8] R. Doc. No. 1-1, at 6.
[9] R. Doc. No. 1, ¶¶ 3-8.
[10] R. Doc. No. 1, ¶ 7.
[11] R. Doc. No. 1, ¶ 5.
[12] R. Doc. No. 5-1, at 1.

**DISCUSSION**

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removal statute is to be strictly construed. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). However, "'[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (*quoting Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). "This is so because '[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Id.* at 207-08 (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8) (alteration in original). "ERISA is one of these

3

statutes." *Id.* at 208. Accordingly, "[c]omplete preemption converts a state law civil complaint alleging a cause of action that falls within ERISA's enforcement provisions into 'one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (quoting *Davila*, 542 U.S. at 209).

When determining whether state law claims are within the scope of ERISA's complete preemption, the Supreme Court has stated that:

> if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Davila*, 542 U.S. at 210. Accordingly, state-law causes of action are completely preempted by ERISA and federal question jurisdiction is established when both: (1) an individual, at some point in time, could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions. *E.g.*, *Davila*, 542 U.S. at 210; *Lone Star*, 579 F.3d at 529-30. Omega's claims clearly fail to meet either prong of the *Davila* test.

With respect to the first prong, Omega is a third-party medical provider, not an ERISA beneficiary seeking benefits, and Omega has expressly disclaimed any cause of action based on its patient's rights.[13] Conversely, § 502 of ERISA, codified at 29 U.S.C. § 1132, provides a cause of action only for the government and for ERISA plan participants, beneficiaries, and fiduciaries.[14] Because Omega is not one of these ERISA entities, its claims on its own behalf are not removable. *See, e.g.*, *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, No. 13-21, 2013 WL 5236625, at *2 (E.D. La. Sept. 16, 2013) (Lemelle, J.). The primary cases relied on by

---

[13] *See* R. Doc. No. 1-1, at 5, ¶ XI.
[14] *E.g.*, 29 U.S.C. § 1132(a)-(a)(1)(B) ("A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . . .").

United in its opposition are distinguishable on this basis, as they involved litigation brought by plan beneficiaries. *See Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 944 (5th Cir. 1995); *Epps v. NCNB Tex.*, 7 F.3d 44, 45 (5th Cir. 1993); *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1212 (5th Cir. 1992); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1291 (5th Cir. 1989).

With respect to the second prong, Omega's claims may not require any reference to the ERISA-regulated insurance plan or United's duties thereunder. Completely separate and apart from the contents of the insurance policy, Omega's claims for negligent misrepresentation, breach of contract, and detrimental reliance implicate duties related to the substance of the discussions between the parties when Omega contacted United for precertification.[15] To the extent that Omega's claims may require reference to and interpretation of ERISA plan documents, as asserted by United,[16] the Fifth Circuit has explicitly rejected the argument that "mere consultation of an ERISA plan is . . . enough to bring the claims within the scope of § 502(a)." *Lone Star*, 579 F.3d at 530. "A claim that implicates the *rate* of payment . . . , rather than the *right* to payment under the terms of the benefit plan, does not run afoul of *Davila* and is not preempted by ERISA." *Id.* Omega's claims are clearly based on the rate of payment, not the right of payment.[17] Accordingly, ERISA does not preempt Omega's claims, and the Court lacks subject matter jurisdiction over the above-captioned matter.[18]

---

[15] R. Doc. No. 1-1, at 5, ¶ XI.

[16] *See* R. Doc. No. 8, at 3-4.

[17] United's assertion that Omega is attempting to orally modify an ERISA plan, *see* R. Doc. No. 8, at 4-5, is factually disconnected from the theories of liability contained in the petition. This is simply a dispute over the agreed-upon rate of payment, as discussed by the parties during the precertification discussions, and Omega's claims do not involve questions of coverage, as evidenced by United's tender of payment. *See* R. Doc. No. 1-1, at 4, ¶ VI.

[18] Preemption in the context of ERISA may be of two types: complete (field) preemption or conflict (ordinary) preemption. *Copling v. Container Store, Inc.*, 174 F.3d 590, 594-95 (5th Cir.

Finally, the Court addresses Omega's request for attorney's fees and costs.[19] With respect to Omega's request for costs, Rule 54(d)(1) of the Federal Rules of Civil Procedure states, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." The Court sees no reason to deviate from Rule 54(d)(1)'s general rule, and Omega may file a bill of costs with the Clerk of this Court pursuant to the applicable Local Rules. *See* LR 54.3, 54.3.1.

With respect to Omega's request for attorney's fees, 28 U.S.C. § 1447(c) provides courts with discretion as to whether attorney's fees should be awarded. *See, e.g.*, *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). The Court finds that this issue is inadequately briefed and Omega has not proven any amount to which it may be entitled. Omega has not submitted any documentation as to the number of hours spent on this case in connection with the removal or the nature of the work it performed. *Cf.* LR 54.2 ("In all cases in which a party seeks attorneys' fees, the party must submit to the court a verified, contemporaneous report reflecting the date, time involved,

---

1999). Despite *Davila*'s suggestion that only complete preemption provides grounds for removal, *see Davila*, 542 U.S. at 207-08, the Fifth Circuit has also considered the conflict preemption inquiry when examining motions to remand. *See Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 601-02 (5th Cir. 2006).

The Fifth Circuit has "appl[ied] a two-part test when a defendant argues that a claim is preempted by ERISA" pursuant to 29 U.S.C. § 1144, ERISA's conflict preemption provision. *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 799-800 (5th Cir. 2008). The defendant must prove that "(1) the claim 'addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of [an ERISA-covered] plan," and "(2) the claim directly affects the relationship among traditional ERISA entities . . . .'" *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004)).

As with the *Davila* inquiry, Omega's claims are not preempted pursuant to this analysis. Regarding the first prong, Omega's claims arise from representations allegedly made by United, not from its patient's rights under the insurance policy. Regarding the second prong, Omega's claims in no way affect the relationships among ERISA entities; Omega, a third party, is merely seeking payment from one of them. *Cf. La. Health Serv. & Indem. Co.*, 2013 WL 5236625, at *3. Accordingly, Omega's claims are not preempted pursuant to 29 U.S.C. § 1144.

[19] *See* R. Doc. No. 5-1, at 8-9.

and nature of the services performed."). Accordingly, the Court exercises its discretion to decline to award attorney's fees in this case.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED IN PART**. The above-captioned matter is **REMANDED** to the First Parish Court for the Parish of Jefferson, State of Louisiana, for all further proceedings.

**IT IS FURTHER ORDERED** that Omega is entitled to an award of costs. Omega may pursue this award by filing a bill of costs in accordance with the Local Rules, and the Clerk of this Court is directed to review and tax such costs in accordance with the law.

**IT IS FURTHER ORDERED** that to the extent the motion requests an award of attorney's fees, it is **DENIED**.

New Orleans, Louisiana, April 30, 2015.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**